# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **SHELLY & SANDS, INC.,** <br> 3570 South River Road <br> P.O. Box 1585 <br> Zanesville, OH 43702, <br><br> and <br><br> **S & S TERMINAL, INC.,** <br> 3570 South River Road <br> P.O. Box 1585 <br> Zanesville, OH 43702, <br><br> Plaintiffs, <br><br> v. <br><br> **RICK DEMENT,** <br> 1095 Irish Ridge Road <br> Philo, OH 43771, <br><br> and <br><br> **RAYLAND MARINA LLC,** <br> 1810 Old State Route 7 <br> Rayland, OH 43943, <br><br> and <br><br> **OHIO RIVER MARINE LLC,** <br> 110 Terrace Ave. <br> Roseville, OH 43777, <br><br> and <br><br> **UNITED STATES ARMY CORPS OF ENGINEERS, PITTSBURGH DISTRICT,** <br> 2200 William S. Moorhead Federal Building <br> 1000 Liberty Avenue <br> Pittsburgh, PA 15222, <br><br> Defendants. | Case No. 2:22-cv-4144 <br><br> JUDGE _____ <br><br> MAGISTRATE JUDGE _____ <br><br> **Demand for Jury Trial** |

# COMPLAINT

Now come Plaintiffs Shelly & Sands, Inc. and S & S Terminal, Inc. (collectively "Shelly & Sands") and for their Complaint against Defendants Rick Dement ("Dement"), Rayland Marina LLC ("Rayland LLC"), Ohio River Marine LLC ("Ohio River Marine") (collectively the "Dement Defendants"), and the United States Army Corps of Engineers, Pittsburgh District ("Army Corps"), allege as follows:

## I. INTRODUCTION

1. Shelly & Sands brings this action to protect its employees, its business, and the general public in order stop an unauthorized commercial tugboat fleeting business operating out of a publicly owned marina through an unpermitted use of a lease with the Army Corps. The commercial tugboat fleeting business and the makeshift dock along the shore of the marina from which it operates interfere with the navigability of the Ohio River and endanger both Shelly & Sands and the public at large. Dement obtained a lease from the Army Corps in 2007 to operate the Rayland Marina for public recreational purposes only. And for a short time, Dement complied with the lease. However, Dement has since let the Rayland Marina fall into a state of disrepair and instead has invested his time and resources into a commercial fleet of tugboats which operate from a hodgepodge of unsafe materials assembled together on the shore of the marina. At bottom, this is a case to keep the public safe and the Ohio River navigable for interstate commerce.

## II. THE PARTIES

2. Plaintiff Shelly & Sands, Inc. is an Ohio corporation with its principal place of business in Zanesville, Ohio. Shelly & Sands, Inc. owns property along the Ohio River at 1731 Old State Route 7, Rayland, Ohio 43943 (the "Rayland Terminal"). The Rayland Terminal is directly adjacent to the property Dement leases from the Army Corps. The Rayland Terminal has

been in operation since the 1960s and is a significant supplier of liquid asphalt for public infrastructure and construction projects throughout the Midwest.

3. Plaintiff S & S Terminal, Inc. is an Ohio corporation with its principal place of business in Zanesville, Ohio.

4. Defendant Rick Dement is an Ohio citizen domiciled in Ohio.

5. Defendant Rayland Marina LLC is a domestic limited liability company incorporated under the laws of Ohio.  Dement is a member of and the registered agent for Rayland LLC.

6. Defendant Ohio River Marine LLC is a domestic limited liability company incorporated under the laws of Ohio.  Dement is a member of and the registered agent for Ohio River Marine.

7. The Army Corps is a federal agency of the United States of America.  The United States owns the property at issue in this action located at 1810 Old State Route 7, Rayland, Ohio 43943, which the Army Corps has leased to Dement (the "Rayland Marina").  The Army Corps' inclusion as a party in this action is due solely to its interest in the property underlying this case.

**III.** **JURISDICTION AND VENUE**

8. This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1346(b)(1) as the Army Corps, an agency of the United States, is a defendant in this case.

9. Additionally, this action arises under the admiralty jurisdiction of the United States pursuant to 28 U.S.C. § 1333.

10. The events giving rise to this action occurred on the Ohio River, a navigable waterway of the United States, and bear a substantial connection to maritime activity and interstate commerce.

11. Dement's actions have a disruptive impact on maritime commerce. His unlawful commercial fleeting business and related actions directly affect the safe navigability of the Ohio River and disrupt all commercial activity, including the delivery of liquid asphalt shipments to Shelly & Sands. Through this lawsuit, Shelly & Sands seeks to protect interstate commerce, which is a fundamental interest of admiralty jurisdiction.

12. Venue in this Court is proper under 28 U.S.C. § 1391(b)(2) as this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

IV.  **FACTS COMMON TO ALL CLAIMS**

    A.  **The Army Corps leases public property to Dement to facilitate its use and enjoyment by the general public.**

13. Dement has leased the Rayland Marina from the Army Corps since 2007 (the "Marina Lease"). The lease is attached as Exhibit A.

14. The Rayland Marina is located adjacent to and downriver from Shelly & Sands' property:



15. The Army Corps has granted Shelly & Sands an easement along its property for greater access to the Ohio River.

4

16. The Marina Lease contains a use restriction which unambiguously provides that the Marina may be used "solely for the conduct of business in connection with the *recreational development of the premises for the general use of the public*." Exhibit A (emphasis added).

17. Additionally, the lease prohibits Dement from erecting or altering any structure on the premises unless the Army Corps approves the activity. Dement may not grant an interest or privilege in connection with the lease.

18. The Army Corps restricts the land in this manner to protect the users of the Marina and accommodate and foster the safe transport of liquid asphalt shipped to Shelly & Sands' property.

19. The use restriction in the Marina Lease is specifically intended to benefit Shelly & Sands by ensuring the safe navigation of the Ohio River surrounding its property.

20. The Army Corps, through its restrictions on the use of the Rayland Marina, has supported and encouraged Shelly & Sands' safe commerce along the Ohio River for over twenty-five years.

21. Initially, Dement abided by the Marina Lease terms and operated a recreational marina on the property.

22. However, Dement has recently allowed the Marina to fall into disrepair and instead has focused his time and investment on a commercial tugboat fleeting business.

**B.    The Dement Defendants' unlawful commercial fleeting business poses an unreasonable risk to the public, maritime navigation, and interstate commerce.**

23. Despite the Army Corps' restrictions on Dement's use of the Rayland Marina, he has conducted a commercial business, and has done so in an unsafe and unlawful manner.

24. Since 2017, Dement has operated a commercial fleeting business for his personal

profit under his business, Ohio River Marine.

25. Once he began operating his commercial fleeting business, Dement effectively neglected the Marina and has allowed it to fall into a state of disrepair. The Rayland Marina now has sunken boats and large sediment deposits, which are flowing out from the marina and along the Ohio River.

26. Additionally, as a part of his unauthorized commercial fleeting business, Dement constructed a makeshift dock and spud barge on the edge of the Ohio River. This unauthorized and unsafe dock does not meet requisite commercial standards, and instead is a collection of spare materials, including work flats, a spud barge, and a segmented barge:



27. Dement's dock is, in and of itself, a danger and nuisance. The dock is not adequately secured, and it poses an unreasonable risk of separating during a high water event and running loose downstream. A detached dock careening down the Ohio River poses an unreasonable risk to the river and the surrounding area, including the Pike Island Locks and Dam just south of the Rayland Marina. Damage to the Pike Island Locks and Dam will halt all

transportation along a large portion of the Ohio River and negatively impact interstate commerce.

28. In order to provide electricity to the dock and fleet, Dement has connected two high-voltage electric lines to junction boxes located on the property and has run those lines across the ground and along the bank of the Rayland Marina to the dock:





29. These electrical lines are patently unsafe and pose a danger to the public, including those who fish and kayak from the bank of the marina.

30. In addition, Dement has left remnants of prior unauthorized docks along the bank of the Ohio River, as well as other debris and scrap materials.

31. Because of the poor state of the Marina, members of the public no longer regularly use the Rayland Marina for their recreational activities. When users of the marina have complained about its poor maintenance, Dement has removed those users to allow him to continue to promote his commercial fleeting business. Accordingly, rather than benefitting the public, Rayland LLC effectively acts as a holding company for Dement's unauthorized business through Ohio River Marine.

32. Dement's unauthorized activity has endangered, and if not stopped, will continue to endanger the public, hinder maritime navigation along the Ohio River, and chill interstate commerce.

      **C.**      **The Dement Defendants' actions have caused and will continue to cause particular harm to Shelly & Sands.**

33. Shelly & Sands is a construction and asphalt company with a focus on public infrastructure projects in Ohio, Pennsylvania, and West Virginia.

34. The Rayland Terminal receives and stores bulk shipments of liquid asphalt through deliveries from oil refineries throughout the world via its terminal on the Ohio River.

35. Liquid asphalt is typically delivered in shipments consisting of three tow-barges containing approximately 2.3 million gallons per delivery.

36. Due to the nature of oil refining, Shelly & Sands must be ready to accept delivery of liquid asphalt with little or no notice. In order to safely accept deliveries of liquid asphalt, barge pilots need unobstructed access to their delivery point.

37. While, fortunately, there have not yet been serious incidents or accidents resulting from Dement's activity, there have been close calls due to his commercial fleeting business's negligent and intentional conduct.

38. For example, in the summer of 2022, Dement intentionally obstructed a Shelly & Sands liquid asphalt shipment, risking environmental harm, endangering the workers involved, and threatening the safe navigation of the Ohio River.

39. During that incident, Dement moored his unauthorized vessels in the path of the delivery barges, thus making docking difficult and dangerous.

40. Additionally, on November 18, 2022, Shelly & Sands received a shipment of liquid asphalt from an interstate shipper.

41. Due to Dement's obstruction, the barge could not access Shelly & Sands' dock without disconnecting its cargo and re-fleeting. Disconnecting and re-fleeting increases all the risks involved with delivery, increases the amount of time travelers along Ohio River must navigate around a delivery barge, and subjects Shelly & Sands to potential penalty fees associated with delayed shipment.

42. Dement knows that obstructions to the navigability of the Ohio River – those both stationary and moving – endanger those involved.

43. Although serious incidents have been avoided thus far, Dement's commercial business is growing, therefore posing even greater risk.

44. When Dement began this unauthorized operation in 2017, he was operating only two tugboats. Today, his commercial fleeting business is several times larger, with at least six large vessels operating along the shore of the Rayland Marina as part of his growing commercial fleet:



45.     In the coming months, Shelly & Sands plans to receive approximately seven winter shipments of liquid asphalt.  If these shippers cannot rely on unobstructed access to the Rayland Terminal, they may forgo delivery to Shelly & Sands entirely.  Without receiving liquid asphalt from delivery barges at the Rayland Terminal, Shelly & Sands' business operations will suffer.  And, in turn, the roads and highways through the Midwest region will suffer, interfering with the maintenance of public infrastructure and interstate commerce throughout the region.

46.     In the alternative, if these shippers continue with their deliveries to the Rayland Terminal, Dement's unauthorized actions and commercial fleeting business pose an unreasonable risk of collision and endanger the public and the workers aboard the delivery barges, the navigability of the Ohio River, and the surrounding environment.  His actions will also continue to cause Shelly & Sands to incur penalty charges from shippers related to issues in the delivery process.

47.     Dement's activities are unauthorized, create unreasonable risk to commerce and public safety, and interfere with Shelly & Sands' safe operation of the Rayland Terminal.

48. Shelly & Sands has taken steps to prevent Dement from using the Rayland Marina in unauthorized and obstructive ways, including notifying the Army Corps of Dement's unauthorized dock and commercial fleeting business.

49. Upon information and belief, the Army Corps then informed Dement that his actions are unauthorized.

50. Despite this notice, the Dement Defendants have failed to remedy these issues.

51. Instead of stopping his commercial fleeting business and unlawful actions, Dement has increased his unsafe activities and sought after-the-fact approval from the Army corps to move and permit his unsafe dock – an application which Shelly & Sands has opposed.

V. **CLAIMS FOR RELIEF**

### COUNT I – Private Nuisance
### Against All Defendants

52. Shelly & Sands incorporates the allegations contained in the previous paragraphs as if fully rewritten herein.

53. The Dement Defendants' intentional and unreasonable actions have caused and continue to cause unreasonable and unlawful obstruction to the safe navigation of and access to the Ohio River in violation of Dement's lease with the Army Corps and in violation of 33 U.S.C. § 403 (Section 10 of the Rivers and Harbors Act of 1899) and under 33 C.F.R. § 245.5.

54. Defendants have a duty to use their land reasonably.

55. The Dement Defendants' intentional and unreasonable actions constitute an unreasonable risk of harm to Shelly & Sands and have interfered with Shelly & Sands' reasonable use and enjoyment of its property.

56. These actions constitute a breach of their duties.

57. These actions and nuisances arise from and are located on the Rayland Marina

which is owned by the Army Corps.

58. Defendants' intentional and unreasonable and/or negligent, reckless, or abnormally dangerous conduct constitutes an absolute and qualified private nuisance.

59. As a direct and proximate cause of such conduct, Shelly & Sands has incurred and will continue to incur monetary harm and is entitled to damages from the Dement Defendants.

60. As a direct and proximate cause of such conduct, Shelly & Sands has incurred and will continue to incur irreparable harm and is entitled to injunctive relief.

### COUNT II – Public Nuisance
### Against All Defendants

61. Shelly & Sands incorporates the allegations contained in the previous paragraphs as if fully rewritten herein.

62. The Dement Defendants' intentional and unreasonable actions have caused and continue to cause unreasonable and unlawful obstruction to the safe navigation of and access to the Ohio River in violation of Dement's lease with the Army Corps and in violation of 33 U.S.C. § 403 (Section 10 of the Rivers and Harbors Act of 1899) and under 33 C.F.R. § 245.5.

63. Defendants have a duty to use their land reasonably.

64. The Dement Defendants' intentional and unreasonable actions constitute an unreasonable interference with a common right of the general public.

65. These actions constitute a breach of their duties.

66. These actions and nuisances arise from and are located on the Rayland Marina, which is owned by the Army Corps, and they are in contravention to the Marina Lease.

67. Unless restrained, Defendants' actions will persist, causing irreparable harm to the general public, including potential environmental damage, obstruction of the Ohio River, a lack of resources for critical public infrastructure projects, and endangering human life.

68. Defendants' intentional and unreasonable and/or negligent, reckless, or abnormally dangerous conduct constitutes an absolute and qualified public nuisance.

69. As a direct and proximate cause of such conduct, Shelly & Sands has incurred and will continue to incur monetary harm and is entitled to damages from the Dement Defendants.

70. As a direct and proximate cause of such conduct, Shelly & Sands has incurred and will continue to incur unique, distinct, and irreparable harm different in kind from the damage suffered by the general public and is entitled to injunctive relief.

### COUNT III – Interference with Access and Riparian Rights
### Against the Dement Defendants

71. Shelly & Sands incorporates the allegations contained in the previous paragraphs as if fully rewritten herein.

72. The Ohio River is a navigable water of the United States.

73. As an entity holding legal rights to property along the Ohio River, Shelly & Sands has a right to access and use the Ohio River.

74. The Dement Defendants' unauthorized dock and commercial fleeting business are unreasonably interfering with Shelly & Sands' right to access and use the Ohio River.

75. As a direct and proximate cause of such conduct, Shelly & Sands has incurred and will continue to incur monetary harm and is entitled to damages from the Dement Defendants.

76. As a direct and proximate cause of such conduct, Shelly & Sands has incurred and will continue to incur irreparable harm and is entitled to injunctive relief.

### COUNT IV – Tortious Interference with Established and Prospective Contract and Business Relationships
### Against the Dement Defendants

77. Shelly & Sands incorporates the allegations contained in the previous paragraphs as if fully rewritten herein.

78. Shelly & Sands has existing business relationships and valid contracts with multiple companies that deliver mass amounts of liquid asphalt to the Rayland Terminal.

79. The Dement Defendants know that Shelly & Sands regularly receives interstate shipments of liquid asphalt. They also understand what is required for these companies to access the Rayland Terminal and the delivery process.

80. The Dement Defendants intentionally and unlawfully interfered with the existing business relationships Shelly & Sands has with interstate shippers of liquid asphalt.

81. Due to the Dement Defendants' interference, Shelly & Sands has lost, and continues to risk losing, contracts and business relationships with these liquid asphalt shippers.

82. Due to the Dement Defendants' interference, liquid asphalt shippers have been and may be deterred from delivering to Shelly & Sands at the Rayland Terminal.

83. The Dement Defendants have caused damage, in an amount to be proven at trial, to Shelly & Sands for its loss of contracts and business relationships.

84. The Dement Defendants have caused Shelly & Sands to pay thousands of dollars of penalty fees to third-party shippers due to the Dement Defendants' obstruction of the Ohio River.

85. Shelly & Sands is entitled to injunctive relief because the Dement Defendants will continue to unlawfully interfere with contracts and business relationships, thus causing continued irreparable harm to Shelly & Sands' reputation, goodwill, and relationships.

86. Shelly & Sands is entitled to punitive damages because the Dement Defendants acted intentionally with oppression, fraud, and malice.

## COUNT V – Breach of Contract
### Against Defendants Dement and Rayland Marina LLC

87. Shelly & Sands incorporates the allegations contained in the previous paragraphs

Case: 2:22-cv-04144-MHW-KAJ Doc #: 1 Filed: 11/22/22 Page: 15 of 17  PAGEID #: 15

as if fully rewritten herein.

88. The Marina Lease executed by Dement and the Army Corps is a binding contract.

89. Shelly & Sands is an intended beneficiary of the Marina Lease.

90. The lease allows Dement to operate the premises "solely for the conduct of business in connection with the recreational development of the premises for the general use of the public." Exhibit A.

91. The terms of the Marina Lease explicitly restrict commercial operation at the Rayland Marina to benefit Shelly & Sands.

92. Additionally, the lease prohibits Dement from constructing structures on the Rayland Marina without prior authorization and approval.

93. Dement breached the lease when he began operating a commercial fleeting business and constructed the dock without authorization or approval.

94. Dement further breached the lease by granting an interest or privilege in his leased property to Ohio River Marine because he allowed it to use the Rayland Marina for its unlawful commercial business.

95. These breaches are material breaches.

96. As a direct and proximate cause of Dement's breach, Shelly & Sands has been damaged, including through the loss of business relationships and the decrease in the value of its land and is entitled to monetary damages.

### COUNT VI – Declaratory Judgment

97. Shelly & Sands incorporates the allegations contained in the previous paragraphs as if fully rewritten herein.

98. A real and justiciable controversy exists between the parties concerning the Marina

15

Lease between Dement and the Army Corps.

99. Shelly & Sands is an intended beneficiary under the lease and therefore is an interested party.

100. The Marina Lease governs the duties and obligations of the parties and imposes restrictions on Dement's use of the Rayland Marina.

101. The Marina Lease is an enforceable contract.

102. Under the lease, Dement is prohibited from assigning the lease or granting any interest, privilege, or license whatsoever in connection with the lease.

103. Dement breached the lease when he began operating a commercial fleeting business and constructed the dock without authorization or approval.

104. Dement further breached the lease by granting an interest or privilege in his leased property to Ohio River Marine because he allowed it to use the Rayland Marina for its unlawful commercial business.

105. Because Dement materially breached the lease, the lease is revocable and should be terminated.

106. Pursuant to 28 U.S.C. § 2201, Shelly & Sands is entitled to a declaratory judgment that: (1) Dement is in violation and breach of the lease; and (2) the lease is terminated.

## VI. PRAYER FOR RELIEF

WHEREFORE, Shelly & Sands prays for judgment against Defendants as follows:

A) An award of damages in an amount to be determined at trial from the Dement Defendants;

B) An award of punitive damages in an amount to be determined at trial from the Dement Defendants;

C) A declaration that Dement is in material breach of his lease with the Army Corps;

D) A declaration that Dement's lease with the Army Corps is revocable for unauthorized activity and is therefore terminated;

E) Preliminary and permanent injunctions enjoining the Dement Defendants from operating any commercial business on the Rayland Marina, including, but not limited to, a commercial fleeting business;

F) Preliminary and permanent injunctions requiring the Dement Defendants to remove the dock and commercial tugboat fleet from the Rayland Marina;

G) Pre- and post-judgment interest;

H) Attorneys' fees and costs; and

I) Any other relief this Court deems just and appropriate.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs Shelly & Sands, Inc. and S & S Terminal, Inc. demand a trial by jury on all questions of fact so triable.

Respectfully submitted,

VORYS, SATER, SEYMOUR AND PEASE LLP

*s/ Joseph R. Miller*
Joseph R. Miller (0068463), *Trial Attorney*
John M. Kuhl (0080966)
Emily J. Taft (0098037)
52 East Gay Street, P.O. Box 1008
Columbus, Ohio 43216-1008
Phone: (614) 464-6233
Fax: (614) 719-4630
jrmiller@vorys.com
jmkuhl@vorys.com
ejtaft@vorys.com

*Counsel for Plaintiffs*
*Shelly & Sands, Inc. and S & S Terminal, Inc.*