IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHELLY & SANDS, INC., et al.,

    **Plaintiffs,**

    vs.                                                    Civil Action 2:22-cv-4144
                                                                    Judge Michael H. Watson
                                                                    Magistrate Judge Jolson

RICK DEMENT, et al.,

    **Defendants.**

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motions to Stay Discovery. (Docs. 58, 59). For the following reasons, the Motions are **GRANTED in part.** Discovery is **STAYED for 90 days** from the date of this Opinion and Order. If the dispositive questions are unanswered after 90 days, the Court will consider extending the stay or allowing limited discovery to proceed.

**I.    BACKGROUND**

Plaintiffs, some 20 Ohio individuals and Ohio corporations, brought this action against Defendants Rick and Rachelle Dement, two LLCs that Rick Dement or Rachelle Dement are a member of, and the United States Army Corps of Engineers ("Army Corps"). (Doc. 33). Plaintiffs' claims include private nuisance, public nuisance, interference with access and riparian rights, tortious interference with established and prospective contract and business relationships, breach of contract, and declaratory judgment that the Dements violated and breached their lease with the Army Corps and that the lease is terminated. (*Id*. at 25–30).

In 2007, the Dements entered into a lease with the Army Corps that allowed them to operate a marina on the Ohio River. (*Id.* at 4). Plaintiffs claim that the Dements have violated the lease by using the marina for commercial rather than public use and have allowed the marina to fall into disrepair. (*Id.* at 4–5). Plaintiffs say that the Dements' actions impede the public's ability to enjoy and navigate the Ohio River. (*Id.*). Plaintiffs are seeking damages, an injunction, termination of the lease between Defendants, and declaratory relief. (*Id.* at 30–31).

In response, the Army Corps moved to dismiss Plaintiffs' claims for lack of jurisdiction. They say that they enjoy sovereign immunity, Plaintiffs lack standing, and Plaintiffs have failed to state a nuisance claim against the Army Corps. (Doc. 39). Defendants also jointly moved to dismiss Plaintiffs' contract claims for lack of standing or failure to state a claim. (Doc. 53).

Defendants filed the instant Motions and request that the Court stay all discovery pending ruling on their Motions to Dismiss. (Docs. 58, 59). The Motions are fully briefed (Docs. 61, 62, 63) and ripe for review. Additionally, the Court has raised jurisdictional questions sua sponte, and briefing on those questions is not yet due. (*See* Doc. 64).

## II. STANDARD

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ohio Valley Bank Co. v. MetaBank*, No. 2:19-CV-191, 2019 WL 2170681, at *2 (S.D. Ohio May 20, 2019) (quotation marks and citations omitted). And, as is the case here, parties routinely file motions to stay discovery while a motion to dismiss is pending. *See Shanks v. Honda of Am. Mfg.*, No. 2:08-CV-1059, 2009 WL 2132621, at *1 (S.D. Ohio July 10, 2009) (noting that, "[t]his Court has had many occasions, over the years, to address the question of whether a stay of discovery should be imposed during the pendency of a motion to dismiss"). "[A]s a general rule, this Court is not inclined to stay discovery while a motion to

dismiss is pending[.]" *Id*.; *see also Ohio Valley Bank*, 2019 WL 2170681, at *2 (quotation marks and citation omitted) (noting that "the Court has frequently found that the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery").

Still under "special circumstances," a court may find that a discovery stay is appropriate. *Ohio Valley Bank*, 2019 WL 2170681, at *2.  A discovery stay may serve the interests of judicial economy, for example, where "the defendant has raised a defense, such as absolute or qualified immunity, which must, as a matter of law, be addressed before discovery appears" or where "it appears that the complaint will almost certainly be dismissed." *Id*. (citations omitted).  Further, in considering a motion to stay discovery, "'a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery.'" *Id*. (quoting *Bowens v. Columbus Metro. Library Bd. of Trustees*, No. CIV.A. 2:10-CV-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010)).

At bottom, "[t]he Court [ ] must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Valley Bank*, 2019 WL 2170681, at *2 (quotation marks and citations omitted).

## III.   DISCUSSION

As is often the case with motions to stay discovery while a dispositive motion pends, "[b]oth sides have legitimate concerns:  Plaintiff does not want this case to languish; Defendants do not want to spend resources unnecessarily." *Per Servs., LLC v. Van Sickle*, No. 2:20-CV-05539, 2021 WL 1030224, at *2 (S.D. Ohio Feb. 22, 2021).  But here, Defendants have shown that discovery should be stayed, at least for a while, to allow the Court to consider jurisdictional questions.

Defendants collectively argue that a stay is appropriate because they challenge the

Court's subject-matter jurisdiction to hear the case. (Docs. 58, 59). Primarily, Defendants' argument concerns undue burden and expense, as moving forward with discovery would impose "a heavy burden on Defendants and potentially on the Court (which may be called upon to review discovery motions and objections) . . ." when the Court may yet decide that it does not have jurisdiction. (Doc. 58 at 4). The Army Corps further asserts that because it is a government agency, the burden of unnecessary discovery falls on the public. (*Id.* at 4–5). For their part, the Dements assert that a stay would avoid the "unnecessary expenditure of [their] remaining resources." (Doc. 59 at 4). Further, the Court has ordered "briefing on the threshold issues of jurisdiction, mootness, and standing." (Doc. 64 at 1). Said differently, the Court has asked the parties to brief whether the case can procced in this Court—or whether there is any live issue to address at all.

Plaintiffs respond that a stay would not impose a burden on Defendants because, even if Defendants' motions to dismiss are granted, "the public and private nuisance claims, the interference with riparian right claim, and the tortious interference claim against [the Dements] will move forward." (Doc. 61 at 5). They further contend that even if the Court rules that the Army Corps is immune from this action, the Army Corps will face requests under the Freedom of Information Act. (*Id.*). Plaintiffs also assert they and the public at large face hardship because of the Dements' actions. (*Id.* at 6; *see also* Doc. 59 at 4–5). Finally, Plaintiffs assert that a stay would delay the resolution of the merits by postponing existing deadlines. (Doc. 61 at 7).

In balancing the competing hardships, the Court finds that a 90-day stay of discovery is warranted. There are multiple unanswered jurisdictional questions, and the answers to those questions will impact discovery substantially. The Court appreciates Plaintiffs' right to discovery and swift resolution of their claims, but a limited stay to allow the Court to consider

4

jurisdictional matters is warranted.  Further, it appears that Plaintiffs have already achieved some relief.  (*See* Doc. 43 at ¶¶ 32 ("Defendants removed the allegedly disrupting commercial activity months ago."), 60 ("the Dements removed their dock and tug boats from their previous location along the bank of the Ohio River months ago . . . .")).

As such, the Court concludes that while this is the rare case when a stay of discovery is proper, a more limited stay than what Defendants requested is appropriate.  Therefore, the Motions are **GRANTED in part**.  For now, the stay shall be limited to 90 days.

IV.     **CONCLUSION**

Accordingly, Defendants' Motions to Stay Discovery (Docs. 58, 59) are **GRANTED in part.**  Discovery is **STAYED for 90 days** from the date of this Order and Opinion.  If the dispositive questions are unanswered after 90 days, the Court will consider extending the stay or allowing limited discovery to proceed.

IT IS SO ORDERED.


Date:   October 6, 2023                                         /s/ Kimberly A. Jolson
                                                                KIMBERLY A. JOLSON
                                                                UNITED STATES MAGISTRATE JUDGE

5